**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LARRY HARRIS,

                Plaintiff,           Civil Action No. 05-74405

                                  DISTRICT JUDGE GERALD E. ROSEN
v.                             MAGISTRATE JUDGE R. STEVEN WHALEN

MICHIGAN DEPARTMENT OF CORRECTIONS,
CORRECTIONS MEDICAL HEALTH SERVICES,
KABINDRA N. MISHRA, BENCY MATHAI,
P.A. KAKANI, J.T. SHAW, DEBBIE ROTH,
PEGGY LEE, AL JONES, AND JIM ARMSTRONG
                   Defendants.

_____/

**REPORT AND RECOMMENDATION**

    Before the Court is Defendants Correctional Medical Health Services (CMS), and Dr.

Bency Mathais' January 27, 2006 Motion to Dismiss (joined by Defendant Kakani) [Docket

#13, 15] and Defendants Debbie Roth, Peggy Lee, Al Jones, and Jim Armstrongs' May 9,

2006 Motion to Dismiss [Docket #43], both pursuant to 42 U.S.C. § 1997(e) and Fed. R. Civ.

P. 12(b)(6).[1]  Also before the Court is Defendants Dr. Kabindra N. Mishra and J. T. Shaws'

May 10, 2006 Motion to Dismiss [Docket #44] pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(5),

---

    [1]The District Court dismissed the Michigan Department of Corrections on January
19, 2006 [Docket #12] under 28 U.S.C. §1915A based on Defendant's Eleventh
Amendment immunity.

12(b)(6),12(c), and 42 U.S.C. §1997 which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).

I recommend that pursuant to *Jones-Bey v. Johnson,* 407 F.3d 801, 807 (6th Cir. 2005), Defendants CMS, Mishra, Mathai, Kakani, Shaw, Roth, Lee, Jones, and Armstrong be dismissed WITHOUT PREJUDICE. In addition, I recommend that Defendants Roth, Lee, Jones, and Armstrong be dismissed WITH PREJUDICE for the reasons set forth in this recommendation.

## I. FACTUAL BACKGROUND

Plaintiff, a state prisoner currently confined at Parnall Correctional Facility in Jackson, Michigan filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §§ 1983, 1985, and 1988 in addition to state law claims on November 11, 2005. He alleges that Defendant Dr. Bency Mathai made a recommendation to the MSA committee regarding hernia surgery, violating his Eighth Amendment rights by processing the recommendation improperly and then by failing to take further action when the committee denied the request for surgery. *Complaint* at ¶9. Plaintiff also accuses Defendant Mishra, an orthopedic surgeon, of gross negligence while performing hip replacement surgery in October, 2004. *Id.* at ¶24. He states further that Mishra also failed to implement adequate post operative pain management and physical therapy. Plaintiff also alleges that Defendant Kakani failed to provide adequate medical care by examining him on sporadic basis and prescribing pain medication to which he was allergic. *Id.* at ¶27. He claims that Defendant Shaw, a physical therapist hired to work with him after his surgery, failed to perform a physical examination. *Id.* at 27. Further,

Plaintiff states that Shaw refused to disclose or even acknowledge Dr. Mishra's negligence to the applicable authorities.

In addition to his charges against Defendants Mathai, Mishra, and Kakani, Plaintiff alleges that Defendants Roth, Lee, Jones, and Armstrong violated his civil rights by conspiring to deny him adequate medical care by denying his grievances requests at either Step 1, 2, or 3 of the administrative process. *Id.* at ¶¶ 11, 22, 23, 29.

## II.  STANDARD OF REVIEW

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983. . .by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12(2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 819, 149 L.Ed.2d 958 (2001).

In *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998), the Sixth Circuit held that a prisoner-plaintiff bears the burden of demonstrating exhaustion in § 1983 cases, and must provide documentation showing exhaustion.  To satisfy the exhaustion requirement, an administrative grievance must be factually specific as to both the person and the acts complained of.  If a particular defendant has not been specifically named in a grievance, the claim as to that defendant has not been exhausted.  In *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001), the Sixth Circuit adopted a bright line rule that a grievance must specifically  name

-3-

the person who is ultimately sued. In reaching its conclusion, *Curry* relied in part on *Freeman v. Francis, supra* at 644, where the Court stated that "the importance of using the prison grievance process [is] to alert prison officials to problems."

Exhaustion under § 1997a requires an inmate to complete all levels of the administrative review process before filing an action in federal court. *See Freeman*, 196 F.3d at 645. A prisoner "cannot abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). Conversely, an inmate has not properly exhausted a claim against a prison official "if the first allegation of mistreatment or misconduct on the part of that official is made at Step II or Step III of the grievance process...." *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003).

In *Jones-Bey v. Johnson,* 407 F.3d 801, 807 (6th Cir. 2005), the Sixth Circuit adopted a total exhaustion rule requiring dismissal of a complaint where the plaintiff has demonstrated exhaustion with respect to some but not all of his/her claims:

> "We adopt the total exhaustion rule, in large part, because the plain language of the statute dictates such a result. Section 1997e(a) states that no 'action' shall be brought in federal court until administrative remedies have been exhausted. However, in subsection (c), the statute allows district courts to dismiss frivolous "actions" *or* 'claims.' 42 U.S.C. § 1997e(c)(1) & (2). Congress's use of the word 'claims' in subsection (c)(2) indicates that 'claims' are individual allegations and 'actions' are entire lawsuits."

## III.  ANALYSIS

### A.  Exhaustion

Defendants, among their arguments for dismissal, contend that *Jones-Bey*, *supra*, mandates dismissal of the entire action based on Plaintiff's failure to exhaust available

administrative remedies.

Plaintiff's grievance filings, first submitted on February 7, 2006, present multiple grounds for dismissal on the basis that his action is not totally exhausted.   Grievance Identifier SMT0505719-12D1, one of the four "exhausted" grievances, demonstrates a number of the deficiencies plaguing all of his administrative complaints. Step One states that Defendant Shaw attempted to avoid providing  adequate medical treatment by telling Plaintiff that Dr. Mishra was not responsible for his ongoing hip problems.  At Step Two, Plaintiff refers again to Defendant Shaw, but states in addition that the physical therapist mentally abused him and practiced racial discrimination.  Also at Step Two, Plaintiff, sidestepping the requirement of naming the subject of the grievance at Step One *(see Burton v. Jones, supra),* names Defendant Kakani for the first time, complaining that she had failed diagnose his continuing hip, back, or left knee problems.  At Step Three, Plaintiff omits reference to any individuals but asserts that none of his treaters have determined the source of his problems, requesting that tests be performed.  Contrary to the requirements of *Brown, supra,* 139 F.3d at 1104, Grievance Identifier SMT0505719-12D1 is neither factually specific nor consistent as to the individual or acts at issue.  A similar lack of specificity pervades all four grievances.

Although this Court has recently interpreted  *Jones-Bey* to allow a claimant to preserve his cause of action by amending his complaint by dropping unexhausted claims *(see Johnson v. Sadzewicz,* ---F. Supp. 2d ---, 2006 WL 783448, 3  (E.D.Mich.,2006)),  I note that even if any of one of his grievances against various Defendants could actually be construed

as exhausted, his claims is their presently garbled form lack clarity, and may also be subject to dismissal pursuant to Fed. R. Civ. P. 12 for various other reasons.  Dismissing Defendants without prejudice would serve the dual goals of judicial economy and allowing Plaintiff a chance to  resubmit his administrative grievances in a more coherent fashion. Thus, if and when he refiles, the Court can more efficiently consider the merits (if any) of his complaints about his medical care.

### B.  Fed. R. Civ. P. 12 (b)(6)

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state  a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief.  *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hartford Fire Insurance Co. v. California*, 509 U.S. 764, 811, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

In contrast to Plaintiff's core grievances against his medical providers, I see absolutely no value in allowing him to re-grieve his claims against Defendants Roth, Lee, Jones and Armstrong.  *Jones Bey, supra*  407 F.3d at 807 held that in addition to allowing courts to dismiss unexhausted actions in their entirety without examining the merits, section 1997e (c)(2) permitted the dismissal of "any frivolous claims, exhausted or not, *with prejudice.*"

*Id.*(emphasis in original); *citing* 42 U.S.C. 1997e (a), (c)(2).[2]

Plaintiff's claims against Roth, Lee, Jones, and Armstrong are patently frivolous. First, none of these four Defendants were named in the text of any of Plaintiff's grievances and appear to have been added to the claim solely on the basis that they denied his grievances against his medical providers.  Defendants cannot engraft themselves onto a grievance simply by processing administrative responses.[3]  *See Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999)(Defendants simply reviewing grievances, absent a finding that they also "directly participated, encouraged, authorized, or acquiesced" in the alleged constitutional violations of the prisoner's rights was not sufficient to establish liability.)

Second, I note that while  paragraphs 11, 22, 23, and 29 of the complaint  accuse Defendants Roth, Lee, Jones, and Armstrong  of acting in concert with medical providers to deny him proper care,  Plaintiff does not offer any factual basis for their participation in such a  conspiracy.  "The mere drumbeat repetition of words such as 'arbitrary,' 'capricious,' and 'conspiracy' do not suffice to turn lawful conduct into a violation of federal rights, and courts will not look with favor on complaints which, trading on mere conclusory charges, fail to set out the specifics of a tenable claim."*Culebras Enterprises Corp. v. Rivera Rios,* 813 F.2d 506

---

[2]Section 1997e (c)(2) states that "[i]n the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."

[3]The fact that Plaintiff did not grieve these Defendants also underscores the argument for dismissal of the entire action on the basis of non-exhaustion.

(1st Cir. 1987).    Accordingly, Plaintiff's claims against Defendants Roth, Lee, Jones, and

Armstrong should be dismissed with prejudice.

## IV. CONCLUSION

I recommend, for the reasons stated above,  that the motions to dismiss [Docket #13,

#15, #43 and #44] be GRANTED to the extent that Defendants CMS, Kabindra N. Mishra,

Bency Mathai, P.A. Kakani, J.T. Shaw, Debbie Roth, Peggy Lee, Al Jones, and Jim

Armstrong be dismissed WITHOUT PREJUDICE, pursuant to 42 U.S.C. §1997e(a) and

*Jones-Bey v. Johnson,*  407 F.3d 801, 807 (6th Cir.  2005).  In addition, I recommend that

Defendants Roth, Lee, Jones, and Armstrong be dismissed WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed  within ten (10)

days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR

72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of

appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v.*

*Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th

Cir.  1981).  Filing of objections which raise some issues but fail to raise others with

specificity will not preserve all the objections a party might have to this Report and

Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit*

*Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich.

LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall be not more than twenty (20) pages

in length unless by motion and order such page limit is extended by the court.  The response

shall address specifically, and in the same order raised, each issue contained within the

objections.


S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  May 25, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or
parties of record by electronic means or U.S. Mail on May 25, 2006.


S/Susan Jefferson
Case Manager